UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGIL MCNETT, | ) | Civil Action No.  2:21-cv-1064 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFERSON-MORGAN SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | Electronically Filed. |

## COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff Virgil McNett, by and through his undersigned attorneys, Anthony J. Werner, Esquire and Very Law PLLC, and files the following Complaint in a Civil Action against Jefferson-Morgan School District, and in support thereof avers:

## PARTIES

1. Plaintiff, Virgil McNett, is an adult individual who resides at 626 Sixth Street, Mather PA 15346.

2. Defendant, Jefferson-Morgan School District, is a governmental entity and/or subdivision of the Commonwealth of Pennsylvania with administrative offices located at 1351 Jefferson Road, Jefferson, PA 15344.

3. At all times relevant hereto, Defendants School District was acting by and through its agents, subsidiaries, officers, employees, and assigns, acting within the full scope of their agency, office, employment and/or assignment.

## JURISDICTION AND VENUE

4. Each of the above paragraphs are incorporated by reference herein.

5. This is an action for the redress of grievances and in vindication of First Amendment rights guaranteed to the Plaintiff under the Constitution of the United States.

6. This action is brought against the Defendant for violating Plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

7. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

8. Supplemental jurisdiction over Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367.

9. Venue is proper under 28 U.S.C.A. § 1391(b) as all claims set forth herein arose in the Western District of Pennsylvania.

## FACTS

10. Each of the above paragraphs are incorporated by reference herein.

11. Plaintiff lives within the Jefferson Morgan School District and has several children of various ages that attend school there.

12. Plaintiff's son plays for the Defendant's High School football team.

13. Plaintiff himself is heavily involved with the Defendant school district and has overseen the youth football program within the district for six years.

14. On September 18, 2020, while collecting his son from the High School after a football game, Plaintiff calmly asked the Defendant's football coach to resign from his position.

15. On September 24, 2020, Plaintiff received a formal letter from Defendant informing Plaintiff that he was indefinitely prohibited from school district grounds and attending school sponsored or sanctioned events.

16. In this letter, Defendant alleged that Plaintiff engaged in "bullying, intimidation, physical or verbal aggression, and the repeated use of profanity."

17. Defendant published this notice to the local police department.
18. In April, 2021, Plaintiff reached out to Defendant's superintendent, asking that Plaintiff's suspension be reconsidered.
19. On May 11, 2021, Plaintiff delivered a formal letter to Defendant's School Board asking that his suspension be reconsidered.
20. On May 17, 2021, Defendant's School Board received Plaintiff's formal letter and considered Plaintiff's request.
21. On May 17, 2021, Defendant's superintendent informed Plaintiff that his request would be considered soon.
22. On May 18, 21, and 28, 2021, Plaintiff again reached out to Defendant's superintendent, but was informed that no decision had been made.
23. On May 21, 2021, Defendant received a letter from Defendant's legal representative outlining the details of his suspension.
24. The May 21, 2021 letter insinuated that Plaintiff was a threat to the safety of students, employees, and members of the public present at events hosted by Defendant.
25. In this letter, Defendant alleged that Plaintiff acted in a "loud, profane, aggressive, disruptive, and threatening" manner.
26. Plaintiff has made repeated efforts to rectify the situation, including meeting with the Superintendent and Principal of the School and requesting a meeting with the School Board.
27. Plaintiff's requests to meet with the School Board have been rejected, denying him any opportunity to explain his side of the story.

28. Plaintiff's conduct was not loud, profane, aggressive, disruptive, or otherwise threatening toward anyone, including any employee or agent of the Defendant.

29. On June 8, 2021, Plaintiff yet again reached out to the Defendant's superintendent and was told that he would receive a decision before the start of the 2021-2022 school year.

30. On August 17, 2021, Plaintiff was informed by email that his request to be allowed back to the school was denied once again.

31. The School Board maliciously published these statements to third parties with the intent of damaging Plaintiff's reputation in the community.

32. The School Board has targeted Plaintiff in a deliberate effort to defame his character and restrict his access to school events.

33. Defendant's actions have prevented Plaintiff from coaching at the district's football field for his youth league practices or events.

34. Defendant's actions have put Plaintiff in a position where he can not respond to emergency issues with his children who attend Defendant's school, as Plaintiff can not come to pick up his children from the school.

35. As a result of this suspension, Plaintiff will be unable to see his son's Senior football season or attend his son's graduation.

## COUNT I. VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

36. Plaintiff's spoken words directed at Defendant's coach were Constitutionally protected free speech.

37. Defendant, in retaliation to Plaintiff's constitutionally protected conduct, is preventing Plaintiff from exercising his Constitutional rights by restricting his presence at school-sponsored or sanctioned events.

38. As a direct result of Defendant's actions, Plaintiff is unable to exercise his First Amendment Right to the extent allowed by the Constitution.

39. This violation of Plaintiff's First Amendment rights will cause irreparable harm if allowed to continue.

40. Defendant's actions have prevented Plaintiff from coaching at the district's football field for his youth league practices or events.

41. Defendant's actions have put Plaintiff in a position where he can not respond to emergency issues with his children who attend Defendant's school, as Plaintiff can not come to pick up his children from the school.

42. As a result of this suspension, Plaintiff will be unable to see his son's Senior football season or attend his son's graduation.

## **COUNT II. VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

43. Each of the above paragraphs are incorporated by reference herein.

44. Defendant was acting under color of the Commonwealth of Pennsylvania when they deprived the Plaintiff of his civil rights.

45. Defendant deprived Plaintiff of his civil right of freedom of movement without due process of law.

46. The School Board has failed to act reasonably and with a neutral viewpoint.

## COUNT III: DEFAMATION PER SE

47. Each of the above paragraphs are incorporated by reference herein.

48. Defendant's letter to Plaintiff on September 24, 2020 made statements inferring that Plaintiff harassed and verbally assaulted Defendant's coach

49. Defendant published these contentions to the local police department.

50. This published allegation that Plaintiff's actions of "bullying, intimidation, physical or verbal aggression, and the repeated use of profanity" imputes that Plaintiff engaged in Criminal Harassment toward other parties.

51. The published contentions contain Plaintiff's name, and clearly implicate the Plaintiff.

52. Defendant school district serves a small, close-knit rural community.

53. These allegations have since left the bounds of the police department and are known throughout the community.

54. These statements made and published by Defendant have exposed Plaintiff to hatred, ridicule, contempt, and have lowered him in the esteem of his peers and of his community.

55. Plaintiff's actions did not constitute "bullying, intimidation, physical or verbal aggression, and the repeated use of profanity."

56. Defendant's statements were intended to be taken as true.

57. The statements made by Defendant did, in fact, lessen, demean, or otherwise damage the reputation of Plaintiff.

58. As a direct and proximate result of the false and defamatory statements of the Defendant, Plaintiff's reputation has been damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands general and specific compensatory damages against the Defendant, Jefferson-Morgan School District, in the amount proven at trial for the defamation of Plaintiff's character; an injunction ordering the Defendant to discontinue the violation of Plaintiff's constitutional rights; specific compensatory damages in the amount of attorneys' fees and court costs; punitive damages; and all other relief that the Court may deem just and proper.

Respectfully submitted,

_____Anthony J. Werner_____
Anthony J. Werner, Esq.
PA ID No. 328444

Ryan D. Very, Esq.
PA ID No. 317828

Very Law PLLC
500 Grant Street Suite 2900
Pittsburgh, Pennsylvania 15219
p: 412.430.0131
f: 412.430.0132
service@verylaw.com